UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLENN MISIPH & <br> AASK SERVICES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> 360° PAINTING, LLC, f/k/a <br> 360° PAINTING, INC., <br> PREMIUM SERVICES BRANDS, LLC, <br> & PAUL FLICK, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 22-11778-JCB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

<u>ORDER ON MOTION FOR PROTECTIVE ORDER</u>
[Docket No. 137]

May 9, 2025

Boal, M.J.

Defendants have filed a motion for a protective order (1) directing Plaintiffs to issue a "new, appropriately tailored" Rule 30(b)(6) deposition notice for defendant 360 Painting, LLC and (2) prohibiting Plaintiffs from questioning defendant Paul Flick or any corporate designee for the Defendants regarding the ongoing investigation into 360 Painting's Paycheck Protection Program (PPP) application. Docket No. 137. At a May 7, 2025 hearing, 360 Painting also raised additional issues regarding its Rule 30(b)(6) deposition. After careful review of the parties' filings and the arguments made at the May 7, 2025 hearing, this Court rules as follows.

I.   RELEVANT BACKGROUND

This Court has extended the scheduling order deadlines in this case several times. <u>See</u>, <u>e.g.</u>, Docket Nos. 78, 99, 120, 125. Under the operative scheduling order in this case, all fact discovery was to be completed by April 30, 2025. Docket No. 125. On April 8, 2025, Plaintiffs

1

filed a motion to compel, which sought, among other things, an order compelling the Defendants to provide firm dates for their depositions. Docket No. 126 at 8. On April 14, 2025, this Court granted the motion to the extent that it ordered Defendants' counsel to provide, by April 16, 2025, dates for the depositions of Flick and 360 Painting's Rule 30(b)(6) deposition on or before May 2, 2025. Docket No. 129. This Court reserved ruling the remaining issues and scheduled a hearing for May 7, 2025.[1] Id.

At the time this Court issued the April 14, 2025 order, it was unaware that Plaintiffs had not yet issued a Rule 30(b)(6) deposition notice listing the topics for examination. It was not until April 22, 2025, that Plaintiffs served such a notice, only six days prior to the scheduled deposition date. See Docket No. 138 at 1.

On May 1, 2025, Defendants filed the instant motion for a protective order. Docket No. 137. That motion argued that Plaintiffs' proposed Rule 30(b)(6) deposition topics were overly broad and ambiguous but only addressed Topic 17 ("360 Painting, PSB's or any affiliated company's PPP loan applications and representations") in any detail. See id. at 1, 6.

This Court heard oral arguments on the parties' motions to compel on May 7, 2025. At that time, Defendants' counsel stated that it intended to file another motion for a protective order regarding the remaining Rule 30(b)(6) deposition topics. Due to the age of the case, and in order to avoid any further delays in this case, this Court heard from the parties' regarding the Rule 30(b)(6) topics generally. At the conclusion of the hearing, it ordered the parties to further confer regarding the Rule 30(b)(6) topics and to file a status report, jointly if possible and separately if necessary, by close of business the next day. See Docket No. 140.

---

[1] This Court also scheduled oral argument on Defendants' motion to compel (Docket No. 127) for the same date.

2

On May 8, 2025, Plaintiffs filed a status report. Docket No. 142. According to Plaintiffs' counsel, the parties met for about an hour to attempt to narrow their disputes regarding the Rule 30(b)(6) deposition topics. Id. at 1. Subsequent to that conversation, Plaintiffs' counsel sent a proposed revised Rule 30(b)(6) deposition notice. Id. Defendants' counsel then sent a redline and comments to Plaintiffs' revised deposition topics. Id. at 2. It appears that Defendants continue to object to Topics 1, 3-5, 9, 10, 12-14, and 18. Id. Topic 15[2] is the subject of Defendants' motion for a protective order. Id. Plaintiffs are unclear whether Defendants have objections or just comments regarding Topics 6, 7, 11, 16, and 19. Id. Defendants' counsel reportedly told Plaintiffs' counsel that he intended to file further motion for a protective order. Id. Defendants have not filed a status report, or joined in Plaintiffs' status report, despite this Court's order to do so by May 8, 2025.

II.     DISCUSSION

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, "[b]efore or promptly after [a Rule 30(b)(6) notice of deposition] is served, the serving party and the organization must confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6). "Rule 30(b)(6) does not contemplate a court micromanaged process to determine appropriate matters for examination; instead, the parties have the explicit duty to do so through a cooperative process." Grain Processing Corp. v. Virgin Scent, Inc., No. 3:21-cv-00019-RGE-SBJ, 2022 WL 14624961, at *5 (S.D. Iowa Mar. 24, 2022).

By serving its Rule 30(b)(6) notice (with topics) just six days prior to the date of deposition (and after it had filed a motion to compel 360 Painting to provide firm dates for a deposition), Plaintiffs did not allow for sufficient time to go through the meet and confer process

---

[2] This was Topic 17 in Plaintiffs' original Rule 30(b)(6) deposition notice.

contemplated by Rule 30(b)(6).  In addition, such short notice did not give the Defendants adequate time to prepare a corporate representative, even if there were no disagreements regarding the topics of examination.  Plaintiffs' actions have also prevented resolution of the parties' disputes with enough time to complete the depositions prior to the fact discovery deadline, which has already been extended numerous times.

Given the age of the case, rather than having the Defendants file yet another motion for a protective order, this Court has reviewed the revised deposition topics and rules as follows.  Plaintiffs may question 360 Painting's corporate representative(s) regarding Topics 1, 2, 3, 8, 10, 14, 16, 17.  With respect to Topics 4, 5, 6, 7, 9, 11, 13, 14, testimony shall be limited to the specific examples, documents, etc. referenced in such topics.  Plaintiffs may not question 360 Painting regarding Topics 12, 15,[3] 18, and 19.  However, Plaintiffs may question Defendants regarding their layoffs, terminations, and salary reductions during the 2020 time period and changes of personnel associated therewith (including Paul Roberts and Tracey Felts).

In order to allow Defendants additional time to adequately prepare a corporate representative(s), this Court also extends the fact discovery deadline to May 30, 2025 for the sole purpose of completing the Rule 30(b)(6) deposition of 360 Painting and the depositions of Plaintiffs.[4]  Plaintiffs' expert reports are due by June 30, 2025; Defendants' expert reports are due by July 30, 2025; Plaintiffs' rebuttal expert reports are due by August 29, 2025; expert depositions must be completed by September 30, 2025; dispositive motions must be filed by October 30, 2025; oppositions are due 30 days after service.  The parties are reminded to comply

---

[3] Defendants are also precluded from questioning Misiph about his complaints or the information he supplied to federal authorities concerning Defendants' potential PPP loan fraud.

[4] At the May 7, 2025 hearing, the parties informed this Court for the first time that the depositions of Plaintiffs have not yet taken place.

with this Court's Standing Order Re: Briefing of Summary Judgment Motions.  **This Court advises the parties that it shall not allow any further extensions of the scheduling order deadlines absent extraordinary circumstances.**

                                                  SO ORDERED.

                                                  /s/ Jennifer C. Boal
                                                  JENNIFER C. BOAL
                                                  United States Magistrate Judge