UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLENN MISIPH & <br> AASK SERVICES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> 360° PAINTING, LLC, f/k/a <br> 360° PAINTING, INC., <br> PREMIUM SERVICES BRANDS, LLC, <br> & PAUL FLICK, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 22-11778-JCB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON PLAINTIFFS' FOURTH MOTION TO COMPEL**
[Docket No. 155]

August 5, 2025

Boal, M.J.

Plaintiffs have filed the instant motion to compel seeking further Rule 30(b)(6) testimony. For the following reasons, I grant in part and deny in part the motion.

I.   FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a franchise relationship. The franchisee Plaintiffs have asserted fraud claims against the franchisor Defendants. Specifically, Plaintiffs alleged that Defendants made various fraudulent misrepresentations in their marketing materials, the Franchise Disclosure Documents ("FDD"), and applications to two magazines, Entrepreneur and Inc. (the "Magazines"), for favorable rankings. See Docket No. 155 at 2-4.

On May 1, 2025, Defendants filed a motion for a protective order, arguing that Plaintiffs' proposed Rule 30(b)(6) topics for 360 Painting LLC were overly broad and ambiguous. See

1

Docket No. 137. On May 7, 2025, during an oral argument, this Court ordered the parties to confer regarding the topics and file a status report. See Docket No. 140.

On May 8, 2025, Plaintiffs filed a status report that attached revised Rule 30(b)(6) topics. See Docket No. 142-1. After reviewing the revised topics, this Court allowed Plaintiffs to question 360 Painting's corporate designee on the following topics, among others:

- Topic 2: 360 Painting's practices concerning the making and disseminating FDDs during 2017 and 2018 and the time of Misiph's investment;

- Topic 4: Specific 360 Painting's FDDs identified by Plaintiffs;

- Topic 7: Documents that were previously introduced as exhibits at Paul Flick's individual deposition and a list of documents that was sent to the defense counsel which included 360 Painting's marketing slide presentation and the content of a marketing webinar that were shown to Plaintiffs during the sales process (collectively the "Marketing Materials") as well as a letter about the potential 2020 minority investment; and

- Topic 17: 360 Painting's applications to Entrepreneur and Inc. publications during the years 2014 to 2018.

See Docket Nos. 142-1 at 6; 145 at 4; 155 at 8.

On May 28, 2025, Plaintiffs took 360 Painting's 30(b)(6) deposition. See Docket No. 155-1. 360 Painting designated defendant Paul Flick as its 30(b)(6) representative. Id.

Plaintiffs argue that Flick was not prepared for the deposition. See Docket No. 155 at 6. Specifically, Flick could not answer questions about the Marketing Materials, 360 Painting's applications to the Magazines, the failed 2020 minority investment efforts, the April 2017 FDD, and the making and dissemination of FDDs in 2017 and 2018. See id. at 9-14. Flick also testified repeatedly that he relied on 360 Painting's former outside counsel, Paula Miller, for the accuracy of the FDDs. See, e.g., Docket No. 155-1 at 13.

Plaintiffs then reached out to Miller.  Docket No. 155 at 15.  Plaintiffs represent that and attorney for Miller responded and indicated that Miller would be willing to discuss the FDDs and even provide testimony pursuant to a court order.  Id. at 15-16.

On June 24, 2025, Plaintiffs filed this motion to compel seeking "an order requiring that Defendants produce a Rule 30(b)(6) witness capable of providing meaningful testimony" and allowing "Defendants' former outside counsel, Paula Miller, . . . to provide testimony."  Docket No. 155 at 1.  Defendants did not file an opposition, and the time to do so has expired.

II.     ANALYSIS

Plaintiffs contend that Flick was unprepared as a 30(b)(6) designee to testify concerning the Marketing Materials, the ranking applications, the minority investment letter, the April 2017 FDD, and the making and dissemination of the FDDs in 2017 and 2018.  After reviewing the attached portion of the deposition transcript, I agree.

Rule 30(b)(6) of the Federal Rules of Civil Procedure "allows an organization to designate an individual to testify on its behalf."  Tr. of Bos. Univ. v. Everlight Electronics Co., Nos. 12–cv–11935–PBS, 12–cv–12326–PBS, 12–cv–12330–PBS, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014) (internal quotation marks omitted).  In turn, "[t]he designating party must make a good faith effort to prepare its designees so that they can answer questions fully, completely and unevasively."  Id.  This duty "goes beyond matters personally known to that designee or to matters in which the designee was personally involved."  Briddell v. Saint Gobain Abrasives Inc., 233 F.R.D. 57, 60 (D. Mass. 2005) (internal quotation marks omitted).  "If necessary, the deponent must use documents, past employees, and other resources in performing this required preparation."  Id.  When determining the adequacy of a 30(b)(6) deponent, "courts examine the degree and type of effort made by the organization to prepare the witness in light of

3

the deposition topics." Cooper v. Charter Commc'n, Inc., No. 3:12-cv-10530-MGM, 2016 WL 1430012, at *2 (D. Mass. Apr. 11, 2016) (quoting Fed. Ins. Co. v. Delta Mech. Contractors, LLC, No. 11-048ML, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013)).

Here, notwithstanding this Court's prior order approving and narrowing Plaintiffs' 30(b)(6) topics, Defendants made little effort to prepare the Rule 30(b)(6) designee on many of those topics. Specifically, Flick acknowledged that he was not personally involved (at least not in any significant way) with the Marketing Materials, the FDDs, or the applications to the Magazines. Nor, for many topics, did Flick confer with individuals with knowledge of the topics to prepare for the deposition. As a result, Flick was unable to answer basic questions on these topics. See Docket No. 155-1 at 6-8, 17, 22. Similarly, Flick made no effort to understand a letter, which was previously identified by Plaintiffs as a matter for questioning, about the potential minority investment in 2020, and was unable to answer questions. See id. at 20. Defendants have failed their 30(b)(6) obligation.

Therefore, I order that Defendants either properly prepare Flick to be re-deposed or designate someone else as the 30(b)(6) witness who is adequately prepared on the following topics: (1) the Marketing Materials, (2) 360 Painting's applications to the Magazines, (3) the failed 2020 minority investment effort, (4) the April 2017 FDD, and (5) the making and dissemination of FDDs in 2017 and 2018. See Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 41 (D. Mass. 2001) (Among the other remedies, for an inadequately prepared 30(b)(6) witness, "the Court can require the corporation to re-designate its witnesses

and mandate their preparation for re-deposition at the corporation's expense.") (citation omitted). The re-deposition shall take place within 21 days from this Order and shall not exceed 3 hours.[1]

III.     CONCLUSION

For the foregoing reasons, this Court grants in part and denies in part the motion. I decline to award sanctions.

/s/ Jennifer C. Boal  
JENNIFER C. BOAL  
UNITED STATES MAGISTRATE JUDGE

---

[1] Because I have ordered a further Rule 30(b)(6) deposition, I decline to order the deposition of attorney Miller.