UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLENN MISIPH & <br> AASK SERVICES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> 360° PAINTING, LLC, f/k/a <br> 360° PAINTING, INC., <br> PREMIUM SERVICES BRANDS, LLC, <br> & PAUL FLICK, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 22-11778-JCB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER AWARDING ATTORNEY'S FEES
[Docket No. 221]

June 30, 2026

Boal, M.J.

On April 13, 2026, this Court issued an Order granting in part Plaintiffs' Motion for Sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure.  Docket No. 213. Because the Defendants failed to meet their Rule 30(b)(6) obligations despite multiple warnings, this Court directed, among other things, Defendants "to pay reasonable attorney's fees for work done in connection with the September 8, 2025, status report (Docket No. 162) and any work since September 8, 2025, having to do with the Rule 30(b)(6) depositions."  Docket No. 213 at 15.  Plaintiffs subsequently filed a motion for attorney fees, to which the Defendants filed an opposition.  Docket Nos. 221, 227.  This Court grants in part and denies in part Plaintiffs' motion.

1

I.    STANDARD OF REVIEW

The First Circuit has summarized the principles applicable to the determination of a

reasonable attorney's fee award:

> When fashioning a fee award, the district court ordinarily starts by constructing what has come to be known as the lodestar. In general, the lodestar is the product of the number of hours appropriately worked times a reasonable hourly rate or rates. The party seeking the award has the burden of producing materials that support the request. These materials should include counsel's contemporaneous time and billing records, suitably detailed, and information anent the law firm's standard billing rates. The putative payor may submit countervailing evidence. The court, usually after hearing arguments, will then calculate the time counsel spent on the case, subtract duplicative, unproductive, or excessive hours, and apply prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved).

Hutchinson ex rel. v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011) (internal citations and quotation

marks omitted).

The first step in calculating the lodestar amount involves determining the reasonable

hourly rate.  The reasonable hourly rate is the rate "prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience and reputation."  Norkunas v.

HPT Cambridge, LLC, 969 F. Supp. 2d 184, 197 (D. Mass. 2013) (citation omitted).  "The fee-

seeker must carry the burden of establishing the prevailing hourly rate (or schedule of rates) in

the community for the performance of similar legal services by comparably credentialled

counsel."  Hutchinson, 636 F.3d at 16 (citations omitted).

"Typically, a court proceeds to compute the lodestar amount by ascertaining the time

counsel actually spent on the case and then subtracting from that figure hours which were

duplicative, unproductive, excessive, or otherwise unnecessary."  Cruz v. Bos. Litigation

Solutions, No. 13-11127-LTS, 2016 WL 11661320, at *2 (D. Mass. Apr. 4, 2016) (quoting

Guckenberger v. Bos. Univ., 8 F. Supp. 2d 91, 100 (D. Mass. 1998)).  The First Circuit does not

2

require courts to set forth an hour-by-hour analysis of a fee request. Guckenberger, 8 F. Supp. 2d at 100 (quotations omitted); see also Perez-Sosa v. Garland, 22 F.4th 312, 321-322 (1st Cir. 2022) (citation omitted) ("Although [the lodestar] method requires arithmetical calculations, we must bear in mind that the district court's task in fashioning a reasonable fee . . . 'is to do rough justice, not to achieve auditing perfection.'"). "Because district judges 'need not, and indeed should not, become green-eyeshade accountants,' they 'may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Perez-Sosa, 22 F.4th at 322 (citation omitted).

II.    ANALYSIS

Plaintiffs submitted a fee application supported by the declaration of attorney Michael J. Duffy, seeking a total award of $18,100.00. Docket Nos. 221; 222. Defendants timely filed an opposition, requesting a downward adjustment based on, among other things, alleged unauthorized fees and billing methodologies. Docket No. 227.[1]

First, the Court notes a mathematical error in the moving papers. While the summary text of the fee application asks for $16,600.00 in incurred hours,[2] see Docket No. 222 at ¶ 8, the itemized total of the actual billing ledger is $16,350.00. See Docket No. 227 at 2. This Court uses that amount as its lodestar baseline.

---

[1] Defendants do not challenge the qualifications of Plaintiffs' lead counsel, nor do they dispute that his requested rate of $500.00 per hour is reasonable. Attorney Duffy maintains that he normally charges $650.00 per hour but agreed to work on this case at a reduced rate of $500.00 per hour. Docket No. 222 at ¶ 4. Given counsel's experience, academic record, and the prevailing baseline rates within the Boston legal market, this Court finds the $500.00 hourly rate to be reasonable and appropriate.

[2] Plaintiffs seek $16,600 for past work, plus $1,500 for an estimated three hours of prospective work regarding the fee application. Docket No. 222 at ¶ 10.

Defendants argue that Plaintiffs failed to account for the 10% discount reflected in Invoice Nos. 1289 and 1434 in their final fee request. Docket Nos. 221-1 at 1, 9; 227 at 4. Given Plaintiffs' baseline calculation error, this Court will apply the discount to the entries listed in Invoice Nos. 1289 and 1434. The total discount comes to $615, bringing the total down to $15,735.

Next, Defendants object to 0.5 hours of combined time logged on September 3 and 4, 2025, totaling $250.00, arguing these entries "lack any reference to the September 8, 2025, status report." Docket No. 227 at 3. They further present voice-over-internet-protocol (VOIP) records indicating a telephone call billed at 0.4 hours actually lasted fewer than seven minutes. Id. at 3-4. Because these entries are in close proximity to the subsequent status report deadline, it makes sense that they reflect preparation for the joint filing. However, because a 7-minute phone call cannot reasonably generate 24 minutes of billable time, even factoring in post-call tasks, this Court reduces the September 3 entry from 0.4 hours to 0.2 hours. Accounting for the 10% discount applied to Invoice No. 1289, this results in a net $90.00 reduction, bringing the total down to $15,645.

Defendants also challenge the entries for December 19, 2025, February 4, 2026, and March 1 and 2, 2026, claiming that Attorney Duffy applied a 50/50 split to generic entries like "Hearing prep" to divide time between compensable sanctions motions and separate, non-compensable pretrial motions in limine. Docket No. 227 at 4. See Docket No. 222-1 at 7.

This Court disagrees. That entry must be read in context with the preparation of a court-ordered, multi-page deposition deficiency chart, which logically required a great deal of work. Furthermore, Attorney Duffy's 50% write-down of hours where sanctions arguments overlapped with general pretrial motions demonstrates billing judgment rather than arbitrary inflation.

Hearings before this Court on February 4 and March 2, 2026, were dominated by Defendants' continuous 30(b)(6) compliance shortfalls.  The 50% allocation is therefore equitable.

This Court will also disallow sums requested for the "[d]rafting motion for sanctions" listed on October 8, 2025, totaling $1,950.  See Docket No. 222-1 at 3.  At that time, the parties' dispute concerned the deposition of Defendants' Rule 30(b)(6) witness.  The record shows that on October 8, 2025, Attorney Duffy inquired into "where things stand with the 30(b)(6) deposition."  Docket No. 166-3 at 9.  Attorney Mayo responded the following morning, asking Attorney Duffy to "[p]lease send me your dates to attend a deposition of Ms. Miller this month." Id. at 8.  Because the defense appeared to be actively participating in scheduling the deposition, drafting a motion for sanctions at that time was premature and unnecessary.  Accordingly, after subtracting the $1,950, the total comes to $13,695.

Finally, Plaintiffs seek a prospective allocation of $1,500.00, representing 3.0 hours, to cover the anticipated costs of defending this fee application and attending future hearings. Docket No. 222 ¶ 10.  Defendants are correct that Plaintiffs bear the burden to submit contemporaneous documentation rather than prospective estimates.  See Docket No. 227 at 5. Because this Court has determined that a supplementary hearing on fees is unnecessary and resolves this matter strictly on the moving papers, these speculative hours are disallowed.

III.   CONCLUSION

For the foregoing reasons, Plaintiffs' fee application at Docket No. 221 is granted in part and denied in part.  Defendants 360 Painting, LLC, Premium Service Brands, LLC, and Paul Flick are ordered, jointly and severally, to pay Plaintiffs the sum of $13,695.00 in reasonable attorneys' fees within thirty (30) days of the date of this Order.

SO ORDERED.

*/s/ Jennifer C. Boal*
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE